**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELLIOTT M. MEGDAL and ALANA K. MEDGAL, as trustees of the Megdal Family Trust dated July 2, 1996, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 16-cv-0404 |
| PETSMART, INC, a Delaware Corporation, and THE TILE SHOP, LLC, a Delaware limited liability company. | ) | |
| Defendant. | | |

**THE TILE SHOP, LLC'S CROSSCLAIM AGAINST PETSMART, INC.**

The Tile Shop LLC ("Tile Shop") by its attorneys, John F. Grady and Lauren F. Catlin, Grady Bell LLP of counsel, cross-complains against co-defendant PetSmart, Inc. ("PetSmart"), as follows:

**BACKGROUND**

1. On June 11, 2003, PetSmart entered into a sublease agreement ("Sublease") with the Tile Shop for the premises commonly known as 185 East Higgins Road in Schaumburg, Illinois (the "Leased Premises"). A true and accurate copy of the Sublease is attached as Exhibit 1.

2. PetSmart possessed the Leased Premises from February 28, 1996 until the commencement of the Sublease on June 11, 2003.

## <u>The Master Lease</u>

3. PetSmart's tenancy at the Leased Premises was pursuant to a 20-year master lease dated February 28, 1996 and a true and accurate copy is attached as Exhibit 2 ("Master Lease").

4. Paragraph 13 of the Master Lease provided that PetSmart would:

> at its own sole cost and expense keep the entire Leased Premises, both the Building and the Land, in good order, maintenance and repair, including maintenance and repair and any necessary replacement of all structural or load-bearing elements, roofs, walls, foundations, heating, ventilating and air conditioning systems, windows, walls, doors, electrical systems and components of the Premises . . . . Tenant must make all repairs, corrections, improvements, replacements or alterations necessitated by age, Tenant's use, the elements or required pursuant to Legal Requirements and Insurance Requirements. [Exhibit 2, Par. 13].

5. The roof of the Leased Premises was new when the Master Lease commenced.

6. Paragraph 6 of the Sublease between PetSmart and Tile Shop provided:

> <u>Rights and Obligations</u>. SUBLESSEE shall perform all obligations of SUBLESSOR under the Net Lease and the Title Matters with respect to the Leased Premises, except as otherwise provided by this Sublease, and SUBLESSEE's obligations shall be performed for the benefit of the SUBLESSEE or Master Landlord as SUBLESSOR may determine to be appropriate under the circumstances. SUBLESSEE shall indemnify SUBLESSOR against and hold SUBLESSOR harmless from all claims, damages, costs, liabilities and expenses including, but not limited to, reasonably attorneys' fees and disbursements arising from or in connection with any failure to perform or observe the obligations of SUBLESSOR under the New Lease and/or the Title Matters.

7. Paragraph 10 of the Sublease stated:

> <u>Indemnity</u>. SUBLESSEE shall protect, defend, indemnify and hold harmless SUBLESSOR, Master Landlord and their respective agents, directors, officers, and employees form and against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including and without

> limitation reasonable attorney's fees and disbursements) imposed upon or incurred by or asserted against any one or more of the aforesaid by reason (I) any failure on the part of SUBLESSEE to perform or comply with any of the terms of this Sublease or the Net Lease, (II) any damage or injury to persons or property occurring upon or in connection with the use or occupancy of the Leased Premises, or (III) the performance of any labor or service or the furnishing of any material or other property in respect to the Leased Premises or any part thereof, and if any action, suit or proceeding is brought against any one or more of the aforesaid by reason of any such occurrence, SUBLESSEE shall, at SUBLESSOR'S cost and expense with counsel approved in writing by SUBLESSOR or Master Landlord, as the case may be, upon demand and additional rent hereunder for such costs and expenses (including reasonable attorneys' fees and disbursements) as SUBLESSOR or Master Landlord, as the case may be, may incur in connection with such defense. The terms and provisions of this Paragraph 10 shall survive the expiration or earlier termination of the Term. [Ex. 1, Paragraph 10]

**<u>The Underlying Action</u>**

8. Plaintiffs filed the underlying action against PetSmart on January 12, 2016, and filed a Third Amended Complaint on April 12, 2017.

9. In the underlying action, Plaintiffs allege they are the owners of the Leased Premises and PetSmart's landlord under the Master Lease.

10. Plaintiffs further allege that Section 13 of the Master Lease required PetSmart to replace the roof of the Leased Premises but that PetSmart has refused to do so. Plaintiffs allege that a roof replacement became necessary during the term of the Master Lease because the roof exceeded its "useful service life of 16-18 years" during the term of the Master Lease.

11. PetSmart has denied the material allegations of Plaintiffs' Third Amended Complaint, has denied any wrongdoing, and has denied any and all alleged liability to Plaintiffs.

12. PetSmart specifically denies that it is obligated under the Lease to replace the roof of the Leased Premises, and has taken the position in this case that a

roof replacement is not "necessary" as that term is used in Section 13.1 of the Master Lease because the roof currently has remaining useful service life and is capable of being repaired in the event of any leaks.

13. Indeed, contrary to Plaintiffs' allegations against PetSmart, at all times during the term of the Master Lease, which includes the term of the Sublease, the roof of the Leased Premises had significant service life remaining.

14. In fact, in a roofing inspection report obtained by the Tile Shop in January 2015 concluded that the roof could have five more years of remaining useful service life with minimal repairs and a proper maintenance schedule.

15. In addition, the report of a roofing inspection commissioned by PetSmart in May 2015, concluded that "[t]he overall roof is in good condition and there were no holes or voids in the single ply membrane encountered during the site inspection." A second roofing inspection commissioned by PetSmart in February 2016 concluded that roof could have a useful service life of ten more years with minor repairs and proper maintenance.

**PetSmart's Crossclaim against Tile Shop**

16. In the alternative to PetSmart's denials of Plaintiffs' allegations, PetSmart's Counterclaim against Tile Shop alleges that, in the event that Plaintiffs succeed in holding PetSmart liable for replacing the roof, then the Sublease requires Tile Shop to indemnify PetSmart against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including reasonable attorney's fees) arising from Plaintiffs' underlying action.

**Count I – Equitable Contribution (Roof Replacement) against PetSmart**

17. Tile Shop re-alleges Paragraphs 1-16.

18. If PetSmart is liable to Plaintiffs simply because the roof was beyond a fixed 16-18 year service life, and even though the actual condition of the roof at expiration of the Master Lease and Sublease was such that the roof had useful service life remaining, then it would be unjust and inequitable for Tile Shop to have to indemnify PetSmart for 100% of that liability when PetSmart occupied the Leased Premises from February 28, 1996 to June 11, 2003 (34.75% of the Master Lease term) and enjoyed the benefits of the roof during that time.

19. Therefore, under principles of equity, fairness and justice, if the Sublease requires Tile Shop to indemnify PetSmart for damage awarded to Plaintiff in the underlying case even though useful service life remained at the expiration of the Master Lease and Sublease, then Tile Shop is entitled to equitable contribution from PetSmart in an amount equal to 34.75% of the damages, attorneys' fees and costs awarded to Plaintiff in the underlying case.

WHEREFORE, in the event that the Tile Shop is required to indemnify PetSmart for Plaintiffs' damages alleged in Count I of the Third Amended Complaint even though the roof had useful service life remaining at the expiration of the Master Lease and Sublease, then Tile Shop prays for judgment in its favor and against PetSmart in an amount equal to 34.75% of the damages, attorneys' fees and costs awarded to Plaintiffs in Count I, and for any other relief the Court deems appropriate.

Respectfully submitted,

THE TILE SHOP, INC.

By: /s/ John F. Grady
One of Its Attorneys

John F. Grady
Lauren F. Catlin
Grady Bell LLP
53 West Jackson Blvd., Suite 1250
Chicago, Illinois 60604
(312) 939-0964
(312) 546-6820
jgrady@gradybell.com
lcatlin@gradybell.com

# CERTIFICATE OF SERVICE

John F. Grady, an attorney, certifies that on May 16, 2017, he filed the foregoing **The Tile Shop, LLC's Crossclaim Against PetSmart, Inc.** with the Court's ECF system which will serve a copy on all counsel of record in this case.

/s/ John F. Grady