**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELLIOTT M. MEGDAL and ALANA K. MEDGAL, as trustees of the Megdal Family Trust dated July 2, 1996, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 16-cv-0404 |
| | ) | Hon. Joan B. Gottschall |
| PETSMART, INC, a Delaware Corporation, | ) | |
| Defendant. | ) | |
| PETSMART, INC., a Delaware Corporation, Defendant, Third-party Plaintiff, Counter-Defendant, | ) | |
| v. | ) | |
| THE TILE SHOP, LLC, a Delaware LLC, Third-Party Defendant, Counter-Plaintiff. | ) | |

**THE TILE SHOP, LLC'S ANSWER**
**TO PETSMART, INC. CROSSCLAIM FOR INDEMNIFICATION**

Third-Party Defendant, The Tile Shop LLC ("Tile Shop") by its attorneys, John F. Grady and Lauren F. Catlin, Grady Bell LLP of counsel, responds to the Crosscl aim for Indemnification of PetSmart, Inc. , as follows:

1. PetSmart seeks indemnification from The Tile Shop for any liability/judgment/settlement and reasonable attorney's fees that PetSmart may incur as a result of a lawsuit filed by Plaintiffs, Elliot M. Megdal and Alana K. Megdal, as trustees of the Megdal Family Trust July 2, 1996 ("Plaintiffs"). PetSmart denies, however, all allegations of Plaintiffs' Third Amended Complaint and further denies that Plaintiffs are entitled to damages

in any amount whatsoever from PetSmart.

**ANSWER:** Tile Shop denies that PetSmart is entitled to indemnification by The Tile Shop in any amount.

2. In addition to the recovery of any judgement against PetSmart based on Plaintiffs' Third Amended Complaint, and any money paid as part of a settlement with Plaintiffs, PetSmart seeks to recover any defense costs (including attorney's fees) incurred in defending against the allegations in Plaintiffs' Third Amended Complaint.

**ANSWER:** Tile Shop denies that PetSmart is entitled to indemnification by Tile Shop in any amount.

## Jurisdiction and Parties

3. The Tile Shop is a Delaware limited liability company that is authorized to do business and regularly transacts or otherwise engages in business in the State of Illinois.

**ANSWER:** Admitted.

4. Venue and jurisdiction are appropriate before this Court because the acts, occurrences, and transactions giving rise to the claims asserted in this action took place in Schaumburg, Illinois

**ANSWER:** Admitted.

## Factual Background

5. Plaintiffs filed the underlying action against PetSmart on January 12, 2016, and filed a Third Amended Complaint on April 12, 2017.

**ANSWER:** Admitted.

6. Plaintiffs allege they are the owners of the premises at 1285 E. Higgins Road, E. Schaumburg, Illinois (the "Leased Premises"). Plaintiffs further allege they are the landlord for the Leased Premises pursuant to a Lease executed with PetSmart on February 28, 1996.

**ANSWER:** Admitted.

7. Plaintiffs claim the terms of the Lease require PetSmart to replace the roof of the Leased Premises and pay damages for alleged mold. Plaintiffs specifically allege that PetSmart has breached the Lease by refusing to replace the roof, remediate alleged mold and to repair the damaged Premises that Plaintiffs will incur damages as a result of said breach.

**ANSWER:** Admitted.

8. Plaintiffs' Third Amended Complaint alleges breach of contract and declaratory judgment. Plaintiffs seek a judgement for the cost to replace the roof of the Leased Premises as well as damages to repair and remediate the Premised [sic] for alleged mold and reasonable attorney's fees.

**ANSWER:** Admitted.

9. PetSmart has denied the material allegations of Plaintiffs' Third Amended Complaint, denies any wrongdoing, and denies any and all alleged liability to Plaintiffs. PetSmart specifically denies that it is obligated under the Lease to replace the roof of the Leased Premises or pay damages for alleged mold remediation and repair.

**ANSWER:** Admitted.

**PetSmart's June 11, 2003 Sublease With The Tile Shop**

10. On June 11, 2003, PetSmart entered into a sublease agreement ("Sublease") with to The Tile Shop for the Leased Premises. A true and accurate copy of the Sublease is attached as Exhibit A.

**ANSWER:** Admitted.

11. Pursuant to the Sublease, The Tile Shop agreed to rent the Leased Premises for a term commencing on July 1, 2003 and expiring on February 28, 2016. *(See* Ex. B., Paragraph 3).

**ANSWER:** Admitted.

12. Paragraph 6 of the Sublease provides:

> Rights and Obligations. SUBLESSEE shall perform all obligations of SUBLESSOR under the Net Lease and the Title Matters with respect to the Leased Premises, except as otherwise provided by this Sublease, and SUBLESSEE's obligations shall be performed for the benefit of the SUBLESSEE or Master Landlord as SUBLESSOR may determine to be appropriate under the circumstances. SUBLESSEE shall indemnify SUBLESSOR against and hold SUBLESSOR harmless from all claims, damages, costs, liabilities and expenses including, but not limited to, reasonably attorneys' fees and disbursements arising from or in connection with any failure to perform or observe the obligations of SUBLESSOR under the New Lease and/or the Title Matters.

(See Ex. B., Paragraph 6) (emphasis added).

**ANSWER:** Admitted.

13. In addition to Paragraph 6, Paragraph 10 of the Sublease states:

> Indemnity. SUBLESSEE shall protect, defend, indemnify and hold harmless SUBLESSOR, Master Landlord and their respective agents, directors, officers, and employees form and against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including and without limitation reasonable attorney's fees and disbursements) imposed upon or incurred by or asserted against any one or more of the aforesaid by reason (I) any failure on the part of SUBLESSEE to perform or comply with any of the terms of this Sublease or the Net

> Lease, (II) any damage or injury to persons or property occurring upon or in connection with the use or occupancy of the Leased Premises, or (III) the performance of any labor or service or the furnishing of any material or other property in respect to the Leased Premises or any part thereof, and if any action, suit or proceeding is brought against any one or more of the aforesaid by reason of any such occurrence, SUBLESSEE shall, at SUBLESSOR'S cost and expense with counsel approved in writing by SUBLESSOR or Master Landlord, as the case may be, upon demand and additional rent hereunder for such costs and expenses (including reasonable attorneys' fees and disbursements) as SUBLESSOR or Master Landlord, as the case may be, may incur in connection with such defense. The terms and provisions of this Paragraph 10 shall survive the expiration or earlier termination of the Term.

(See Ex. B., Paragraph 10).

**ANSWER:** Admitted.

**COUNT I FOR INDEMNIFICATION (ROOF)**

14. PetSmart restates and incorporates by reference the facts stated in Paragraphs 1 through 13 above as Paragraphs 1 through 13 of Count I.

**ANSWER:** Tile Shop repeats its responses to Paragraphs 1-13.

15. Pursuant to the terms and conditions of the Sublease, including Paragraph 6 and Paragraph 10, The Tile Shop has agreed to indemnify PetSmart against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including reasonable attorney's fees) arising from any failure to observe the obligations of PetSmart under the Lease and from any damage or injury occurring in connection with the use or occupancy of the Leased Premises.

**ANSWER:** Tile Shop admits that it has only the indemnity obligations set forth in Paragraph 6 and Paragraph 10 of the Sublease and denies the remaining allegations of this paragraph.

16. Plaintiffs have alleged that the roof of the Leased Premises needs to be replaced. Plaintiffs allege their injuries arise from PetSmart' s alleged failure to comply with the obligations of the Lease, which Plaintiffs purport require PetSmart to replace the roof of the Leased Premises. Plaintiffs' underlying claims arise from PetSmart's alleged breach of the Lease and damage occurring upon or in connection with the use or occupancy of the Leased Premises.

**ANSWER:** Tile Shop denies that Plaintiffs' underlying claims arise from damage occurring upon or in connection with any use or occupancy of the Leased Premises. Tile Shop admits the remaining allegations of this paragraph.

17. PetSmart has performed its obligations under the Sublease with The Tile Shop.

**ANSWER:** Denied.

18. Accordingly, The Tile Shop must indemnify PetSmart against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including reasonable attorney's fees) arising from Plaintiffs' underlying action.

**ANSWER:** Denied.

**COUNT II FOR INDEMNIFICATION (MOLD)[1]**

19. PetSmart restates and incorporates by reference the facts stated in Paragraphs 1 through 13 above as Paragraphs 1 through 13 of Count II.

[1] PetSmart's allegations in this Count are numbered 19-20 and then 16-18. Tile Shop will use that same numbering in its responses.

**ANSWER:** Tile Shop repeats its responses to Paragraphs 1-13.

20. Pursuant to the terms and conditions of the Sublease, including Paragraph 6 and Paragraph 10, The Tile Shop has agreed to indemnify PetSmart against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including reasonable attorney's fees) arising from any failure to observe the obligations of PetSmart under the Lease and from any damage or injury occurring in connection with the use or occupancy of the Leased Premises.

**ANSWER:** Tile Shop admits that it has only the indemnity obligations set forth in Paragraph 6 and Paragraph 10 of the Sublease and denies the remaining allegations of this paragraph.

16. Plaintiffs have alleged that remediation is required for alleged mold. Plaintiffs allege their injuries arise from PetSmart's alleged failure to comply with the obligations of the Lease, which Plaintiffs purport require PetSmart to pay damages for alleged mold remediation and repair. Plaintiffs' underlying claims arise from PetSmart's alleged breach of the Lease and damage occurring upon or in connection with the use or occupancy of the Leased Premises.

**ANSWER:** Tile Shop denies that Plaintiffs' underlying claims arise from damage occurring upon or in connection with any use or occupancy of the Leased Premises. Tile Shop admits the remaining allegations of this paragraph.

17. PetSmart has performed its obligations under the Sublease with The Tile Shop.

**ANSWER:** Denied.

18. Accordingly, The Tile Shop must indemnify PetSmart against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including reasonable attorney's fees) arising from Plaintiffs' underlying action.

**ANSWER:** Denied.

WHEREFORE, The Tile Shop, LLC prays for a judgment in its favor, and against PetSmart, Inc., on the Crossclaims of PetSmart, Inc., plus an award of The Tile Shop, LLC's costs and reasonable attorneys' fees and for any other relief the Court deems appropriate.

Respectfully submitted,

THE TILE SHOP, INC.

By: /s/ John F. Grady
One of Its Attorneys

John F. Grady
Lauren F. Catlin
Grady Bell LLP
53 West Jackson Blvd., Suite 1250
Chicago, Illinois 60604
(312) 939-0964
(312) 546-6820
jgrady@gradybell.com
lcatlin@gradybell.com

## CERTIFICATE OF SERVICE

John F. Grady, an attorney, certifies that on May 16, 2017, he filed the foregoing **The Tile Shop, LLC's Answer to PetSmart, Inc.'s Crossclaim For Indemnification** with the Court's ECF system which will serve a copy on the following counsel of record in this case:

P. Stephen Fardy
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Ste. 3300
Chicago, IL 60611
sfardy@smbtrials.com

Barry I. Mortge
Becker Gurian
515 Central Avenue, Suite 400
Highland Park, IL 60035
barry@beckergurian.com

Elizabeth D. Sharp
The Law Offices of Elizabeth D. Sharp. P.C.
200 S. Wacker Drive, Suite 2300
Chicago, IL 60606
lsharp@sharp-law.com

/s/ John F. Grady